IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                      CR NO. 14-00799 KBM

GABRIEL ARMAS,

    Defendant,

## **FORMAL OBJECTIONS AND SENTENCING MEMORANDUM**

COMES NOW the Defendant, Gabe Armas, by his court-appointed attorney, John F. Moon Samore, Esq., pursuant to the Rules, for his Formal Objections and Sentencing Memorandum, to STATE:

## **STATEMENT OF CASE**

Mr. Armas is scheduled to come before the Court on a misdemeanor plea for a Sentencing hearing on June 19, 2014. This date was set only the week before the Sentencing and normally would be sufficient time to prepare.

When he entered his misdemeanor guilty plea before the Magistrate on March 14, no formal charge was pending. The case had been in suspended investigation status since an incident May 14, 2012. Investigation was conducted at that time, but no charges were filed. No physical evidence was found.

The only dispute Mr. Armas has with the Pre-Sentence Report is certain conditions which have been proposed in the PSR that are excessive and beyond that appropriate under 18 USC §3553(a)(b), §3563, §3583. Mr. Armas does not wish to make more work for the Court but has a narrow issue which he must be certain is preserved before the Court. It seems terrific overkill to

be compelled to file Formal Objections and a Sentencing Memorandum over a simple misdemeanor plea, so the Defense combines these two documents to, with an abundance of caution, raise a single issue.

## STATUTORY FRAMEWORK

The statutory framework of federal sentencing has changed in recent years. 18 USC §3553(a) requires the court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of federal sentencing, and imposes a statutory duty to consider:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the purposes of criminal punishment;
3) the kinds of sentence available;
4) the Guideline range;
5) Sentencing Commission Policy Statements;
6) the need to avoid unwarranted sentencing disparities; and
7) the need to provide restitution.

The purposes of federal sentencing enumerated in 18 USC §3553(a)(2) are the need for the sentence imposed:

a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
b) to afford adequate deterrence to criminal conduct;
c) to protect the public from further crimes of the defendant; and
d) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

Federal district courts are free to deviate from the guidelines in order to tailor individual sentences in light of other 3553 factors. Kimbrough v. United States, 128 S. Ct. 558 (2007). The federal sentencing guidelines are not mandatory and are but one factor the court must consider in imposing sentence. United States v. Booker, 543 U.S. 220, 125 S. Ct., 739 (2005). The guidelines are presumed to be "reasonable." United States v. Nelson, 129 S. Ct. 890 (2009). No rule requires "extraordinary" circumstances to justify a sentence outside the guidelines. District

court sentencing decisions are reviewed for an abuse of discretion. <u>Gall v. United States</u>, 128 S. Ct. 586 (2007).

## STATEMENT OF FACTS

The PSR accurately describes the factual extremes in its recounting of the discovery and Mr. Armas' terse acceptance. The alleged victim believes she had a unpleasant experience.

## OBJECTED CONDITIONS

Special Condition Two requires Mr. Armas to be subjected to a psychosexual evaluation and begin participating in sex offender treatment, including clinical polygraph testing.

## DISCUSSION

Mr. Armas' sister, her husband, and their three children live in Dulce, the area where the alleged victim and her family apparently still live. Mr. Armas has no objection to a condition that he not have contact with the alleged victim, but he remains concerned that accidental contact could occur.

Mr. Armas is fully employed, supporting his children, separated from his estranged wife who is the mother of his children, and is a productive citizen. He has no criminal record and vigorously denies the allegations. The misdemeanor plea was the simplest way to respect judicial economy.

Mr. Armas is not a drinker, does not possess weapons, and has a clean criminal record. A psychosexual evaluation is one of the most humiliating, horrifying experience from which any human being may suffer. The intrusive, brutal questions and the trauma results therefrom cannot be gainsaid. Risking the rest of his life to the whim and caprice of some psychologist's tests (which are recognized as little substantive value) is frightening.

However, extreme the unproveable allegations may be, this is a misdemeanor admission that doesn't even involve a touching. No condition requiring this man, who is innocent of any criminal sexual conduct, to be subject to sexual offender registration or the trauma of a psychosexual evaluation. Counsel (and at least four of his colleagues) have not heard of such a condition being slapped on a person pleading guilty to misdemeanor assault. This objectionable condition is extreme and should be stricken.

## **CONCLUSION**

The Formal Objections should be sustained and Mr. Armas sentenced to probation.

>Respectfully submitted,
>/s/ John F. Moon Samore, Esq.
>Attorney for Defendant
>300 Central SW, Suite 2500 W
>Albuquerque, NM 87102
>(505) 244-0450

I hereby certify that a true and correct copy
of the foregoing was sent by facsimile
transcription or hand-delivered to the in-box
of the U.S. Attorney's office this 14th day of
June 2014.
/s/ John F. Moon Samore, Esq.